382 F.2d 593
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BAY COUNTIES DISTRICT COUNCIL OF CARPENTERS, AFL-CIO, and
its Agent C. R.Bartalini, Carpenters Union Local No. 162,
AFL-CIO, and its Agent, E. W.Honerlah, Carpenters Union
Local No. 828, United Brotherhood of Carpenters& Joiners of
America,AFL-CIO, and Carpenters Union Local No. 1408,
AFL-CIO, and its Agent, JackWeare, Respondents.
 No. 21389.
 United States Court of Appeals Ninth Circuit.
 July 21, 1967.
 
 Arnold Ordman, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, NLRB, Washington D.C., Roy O. Hoffman, Director, NLRB, San Francisco, Cal., for petitioner.
 Wilbur F. Disney, San Carlos, Cal., Jones & Jones, Inc., Los Angeles, Cal., for intervenor.
 Victor J. VanBourg, Levy, DeRoy, Geffner & VanBourg, San Francisco, Cal., Joseph G. Schumb, Jr., San Jose, Cal., for respondents.
 Before HAMLEY and KOELSCH, Circuit Judges, and MATHES, District Judge.
 PER CURIAM:
 
 
 1
 The National Labor Relations Board (Board) petitions for enforcement of its order of October 25, 1965, issued against the above-named respondents. The Board decision and order is reported at 154 NLRB 1598.
 
 
 2
 Respondent District Council, with which respondent locals are affiliated, negotiates area-wide collective bargaining agreements (Master Agreements) with several employer associations. In 1956, Wilbur F. Disney, who operates three businesses engaged in the sale and installation of roofing materials, signed a Master Agreement. Although he did not sign subsequent agreements, Disney continued until 1962, to conform his labor policies to the current Master Agreements.
 
 
 3
 In August, 1962, when a new Master Agreement was negotiated by the District Council and the employer associations, Disney refused to conform to its terms. Instead, he entered into a collective bargaining agreement with District 50 of the United Mine Workers of America. At that time all Disney employees were members of a local union affiliated with respondent District Council.[1]
 
 
 4
 In an effort to force Disney to sign the Master Agreement, some of the respondents established a picket line at Disney's premises and took other coercive action. This led to the filing of Board charges against respondents to the effect that respondents had violated section 8(b)(4)(i) and (ii)(A) of the Act, 29 U.S.C. 158(b)(4)(i) and (ii)(A) (1964), by picketing with an object of forcing Disney to enter a contract containing a clause prohibited by section 8(e), 29 U.S.C. 158(e). In particular, it was alleged that section XXI-A of the Master Agreement, the picket line clause, is unlawful insofar as it allows an employee to refuse to cross a secondary picket line.[2] The contract section in question is quoted in the margin.[3]
 
 
 5
 Respondents argue that section XXI-A is not invalid under section 8(e) as held by the Board.
 
 
 6
 In our opinion, the Board did not err in so ruling. See Lane-Coos-Curry-Douglas Counties Building & Construction Trades Council and Willamette General Contractors Association, Case No. 36-CC-130, 155 NLRB 1115, enforced in National Labor Relations Board v. Lane-Coos-Curry-Douglas Counties Building & Construction Trades Council, 9 Cir., No. 20783, August 9, 1966, unreported; Drivers, Salesmen, etc., Local Union No. 695 v. N.L.R.B., D.C.Cir., 361 F.2d 547, 551; Truck Drivers Union Local 413, etc. v. N.L.R.B., 118 U.S.App.D.C. 149, 334 F.2d 539, 543-545. The critical contract language involved in the cited cases differs from that of the contract here in issue, but the purport is the same.
 
 
 7
 The Board order will be enforced.
 
 
 
 [1]
 In a separate Board proceeding, Disney's conduct in establishing a contractual relationship with District 50 was found to have violated section 8(a)(2) and (1) of the National Labor Relations Act (Act), 49 Stat. 452, as amended, 29 U.S.C. 158(a)(2) and (1) (1964)
 
 
 [2]
 The complaint also charged other violations of the Act, but we are not concerned with them on this appeal
 
 
 [3]
 Section XXI-A of the contract reads:
 'XXI-A. Employees Not To Be Discharged for Recognizing Authorized Lines
 'No employee covered hereby may be discharged by an individual employer for refusing to cross a picket line established by an International Union affiliated with the Building and Construction Trades Department of American Federation of Labor, or a Local Union thereof, which picket line has been authorized or sanctioned by the Local Building and Construction Trades Council having jurisdiction over the area in which the job is located and after the individual employer involved has been notified and has had an opportunity to be heard. Said notice shall be in writing and mailed to the individual employer at his address. This Section shall not apply to jurisdictional disputes.'